[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12106
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-20150-JAL

ROY R. LUSTIG,

Plaintiff-Appellee,

versus

BARBARA STONE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2019)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Barbara Stone, represented by counsel on appeal, challenges the district court's dismissal of her *pro se* motion to vacate, filed pursuant to Fed. R. Civ. P. 60(b), as untimely.

We generally review denials of Rule 60(b) motions for an abuse of discretion but review *de novo* motions to set aside a judgment for voidness under Rule 60(b)(4). *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 736 (11th Cir. 2014). *Pro se* pleadings are held to a less strict standard than counseled pleadings and are liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

Issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant abandons an issue on appeal by failing to adequately brief it, such as by making only passing references to the issue or failing to provide supporting arguments and authority for it. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

An appeal of a ruling on a Rule 60(b) motion is narrow in scope and addresses only the denial or grant of relief and does not raise issues in the underlying judgment. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). Rule 60(b) may not be used to challenge mistakes of law that could have been raised on direct appeal. *Id.*

2

A judgment can be set aside for voidness where the court lacked jurisdiction or where the movant was denied due process by depriving a party of notice or an opportunity to be heard. *Stansell*, 771 F.3d at 736-37. A judgment is not void simply because it was or may have been erroneous. *Id.* at 737. Due process entitles a party whose rights are to be affected to notice and an opportunity to be heard, but does not require that the party actually receive notice before they are deprived of a property interest. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Due process is satisfied if notice is reasonably calculated to apprise an interested party of the pendency of the action and afford them an opportunity to present their objections. *Id.* Rule 60(b) motions must be filed within a "reasonable time," which means within one year after the entry of judgment or order for motions under subsections (1), (2), and (3). Fed. R. Civ. P. 60(c).

Here, Stone, represented by counsel on appeal, has failed to adequately brief the timeliness issue and, thus abandoned it by making only a passing argument that her motion could be filed at any time. In any event, the district court did not err in denying her Rule 60(b)(4) motion as untimely because she did not raise any subject matter jurisdiction defects, did not offer any explanation for the two-year delay in filing the motion, and could have raised the due process arguments presented in the motion on direct appeal. She only objected to the magistrate judge's presiding over and making a recommendation on the evidentiary hearing, not the district

3

court's jurisdiction to enter a final judgment. Thus, any error in the magistrate judge's presiding over the evidentiary hearing did not render the judgment void and does not warrant relief under Rule 60(b)(4). *See Stansell*, 771 F.3d at 737. Based on these circumstances and the absence of any reason that would justify the delay, the district court did not err in finding that the two-year delay was unreasonable.

Moreover, Stone waived her due process arguments by waiting two years after entry of judgment to raise them. *See Stansell*, 771 F.3d at 737. In particular, Stone appealed the district court's judgment during this time period but failed to make any due process argument regarding the evidentiary hearing, or about the magistrate judge's appointment. *See Lustig*, 679 F. App'x at 744. While Stone suggests that the magistrate judge knew she was in jail at the time of the hearing and failed to arrange for her to attend, the record does not support either that she was actually in jail at the time of the hearing or that the magistrate judge knew it. In addition, she did not raise this argument in her objections to the magistrate judge's report and recommendation but instead asserted that she had not received notice of the hearing. Additionally, the record reflects that notice of the evidentiary hearing was mailed to Stone at the address she provided to the district court, so her due process claims were due to be denied on the merits.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**